IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00100-RJC-DSC

| | |
|---|---|
| ANDRE ANTONIO DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIBERTY MEDIA CORPORATION et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to Defendants Charter Communications and Spectrum Communications' "Motion to Dismiss" (document #36) filed November 4, 2021 or the Court's "Order to Show Cause" (document #37) entered November 22, 2021.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Plaintiff's response to the Motion to Dismiss was initially due on November 18, 2021. When he failed to respond, the Court issued its Order to Show Cause. The Court ordered Plaintiff as follows:

> On or before December 22, 2021, Plaintiff shall file a response to the pending Motion to Dismiss and **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in DISMISSAL of this case WITH PREJUDICE.

Document #37 at 2 (emphasis in original).

The District Court has the inherent authority to dismiss a case for failure to prosecute and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has failed to respond to the Motion to Dismiss as well as the Show Cause Order. Accordingly, the Court concludes that any sanctions short of dismissal would not be effective.

Plaintiff has filed sixteen lawsuits in this District over the past two years. He alleges the existence of a vast conspiracy to improperly access his computer devices, track him, and share his information and whereabouts around the globe. The alleged conspirators include high ranking government officials, a former President, current and former cabinet members, current and former employees of the United States Departments of Justice, Homeland Security, and Veterans Affairs, other governmental agencies and actors, numerous wealthy and noteworthy individuals, and multiple prominent corporations. Four of Plaintiff's lawsuits have been dismissed as frivolous. See NCWD File Nos. 3:20-cv-542-FDW-DSC, 3:21-cv-150-GCM, 3:21-cv-228-GCM and 3:21-cv-335-GCM.

Here Plaintiff restates his bare-bones conspiracy theory, this time against a group of Defendants who provide internet and other media services. Neither the Complaint nor any of the proposed Amended Complaints contain factual allegations that would support an actionable claim.

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist'").

Construing pro se Plaintiff's Complaint liberally, the Court concludes that his allegations are frivolous and fail to allege any actionable claim. For this reason as well, the undersigned respectfully recommends that Defendants Charter Communications and Spectrum Communications' "Motion to Dismiss" (document #36) be granted.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants Charter Communications and Spectrum Communications' "Motion to Dismiss" (document #36) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir.

1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: January 4, 2022

David S. Cayer
United States Magistrate Judge